# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 18, 2022

Lyle W. Cayce
Clerk

No. 20-11151
Summary Calendar

Noel Valdez Andrade,

*Plaintiff—Appellant*,

*versus*

Amarillo Police Department and Police Officers;
Brittany Daniels, *APD Property Evidence*; Steven J. Deal;
Cameron Kent Camarillo; Thomas L. Hightower,
*Sergeant*; Laura Hernandez; Chief of Police; Potter
County Sheriff Department and Staff; Brian Thomas,
*Sheriff*; NFN Young, *Deputy*; NFN Conner, *Deputy*; NFN
Hernandez, *Deputy*; Potter County Detention Center
Staff; The Grand Jury for Potter County; Texas
Department of Public Safety Crime Laboratory; Jordan
Allec, *Forensic Scientist*; District Attorney Office and
Staff; Randall Sims, *District Attorney*; Justin Sanders, *District
Attorney*; Richard Martindale, *District Attorney*; Carley
Snider, *Potter County District Court Clerk*; Nancy Esparza, *Potter
County Clerk*; Pamela C. Sirmon, *320th District Court Judge*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:19-CV-152

Before Southwick, Graves, and Costa, *Circuit Judges*.

Per Curiam:*

Noel Valdez Andrade, formerly Texas prisoner # 2266633, requests leave to proceed in forma pauperis (IFP) on appeal of the district court's dismissal of his pro se civil rights complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). By moving to proceed IFP in this court, Valdez Andrade challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Thus, his request "must be directed solely to the trial court's reasons for the certification decision." *Id*. We may dismiss the appeal "when it is apparent that an appeal would be meritless." *Id*. at 202 & n.24; *see* 5th Cir. R. 42.2.

Valdez Andrade's vague challenges to the district court's jurisdiction and its detailed ruling fail to identify "legal points arguable on their merits" for appeal. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). His motion to proceed IFP on appeal is, therefore, DENIED, and this appeal is DISMISSED as frivolous.

The dismissal of this appeal as frivolous and the district court's dismissal as frivolous of Valdez Andrade's complaint count as strikes under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 536-37 (2015). Valdez Andrade is CAUTIONED that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.